UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 3:17-CV-00054-TCB-RGV |
| DECOSTAR INDUSTRIES, INC., | ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The Commission's Complaint alleges that Defendant Decostar Industries, Inc. ("Defendant") failed to accommodate the sincerely held religious beliefs of Dina Lucas Velasquez ("Velasquez") and terminated her employment because of her religious beliefs in violation of Title VII.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

1

The parties have agreed to resolve this litigation, with no costs or attorneys' fees to either side, and with Defendant denying any liability or wrong-doing, and do hereby advise this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of religion or any other protected category within the meaning of Title VII, including by failing to provide a reasonable accommodation to the bona fide religious beliefs of an applicant or employee as required by federal law.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay the total amount of thirty-eight thousand five

hundred dollars ($38,500.00) in settlement of the claims raised in this action. Applicable withholdings shall be made pursuant to federal and state tax laws, with one half of the payment allocated to back pay wages and one-half allocated to emotional distress damages. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall make payment by issuing a check payable to Velasquez, and by mailing the check to Velasquez at an address provided by the Commission.   Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of delivery to Velasquez at EEOC-ATDO-decree-monitoring@eeoc.gov. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Velasquez may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from Velasquez's employment records any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2015-00746, including any events that occurred in connection with this lawsuit. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Velasquez from "terminated" to "voluntarily

resigned."  Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance of the terms contained within this paragraph to the Commission.

5.   Defendant shall provide Velasquez with a neutral letter of reference using the form attached hereto as Exhibit A.  Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Velasquez at an address provided by the Commission.  Velasquez is free to disseminate the letter to potential employers.  If Defendant receives any inquiry about Velasquez from a potential employer, it will provide only the information set forth in Velasquez's letter of reference in response.

6.   Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall adopt and implement, at its Carrollton, Georgia facility a formal, written anti-discrimination policy, which shall include but not be limited to the following:  an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against religious discrimination; Defendant's obligation to provide a reasonable accommodation for sincerely held religious beliefs consistent with applicable federal law; the procedure for employees to request a religious accommodation; the procedure for considering employees' requests for a religious accommodation; the procedure for reporting discrimination; and the procedure for the thorough and immediate

investigation of employee complaints of discrimination. Defendant shall post the new policy on its bulletin boards at its Carrollton, Georgia facility where all employee communications are posted. In addition, Defendant shall announce the new policy and the location of the posting of the new policy to each current employee at its Carrollton, Georgia facility during one of Defendant's regularly scheduled staff meetings within the aforementioned ninety (90) day time period. Furthermore, when Defendant issues a new employee handbook in the future, it will include the new policy within the new employee handbook. Within one hundred (100) days of the entry of this Consent Decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall review the policy with all newly hired employees of its Carrollton, Georgia facility.

7. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, at its Carrollton, Georgia facility in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

8. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers and HR personnel on the Company's

anti-discrimination policy described in paragraph 6, *supra*, at its Carrollton, Georgia facility. Each training program shall include an explanation of the requirements of Title VII, including an employer's obligations with respect to religious accommodations, and its prohibition against religious discrimination in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees, supervisors, and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. The final training program shall be conducted approximately one year later. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of the training program, Defendant shall certify to the Commission the specific training which was undertaken.

9. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit

6

B, hereby made a part of this Consent Decree, in its Carrollton, Georgia facility in a place where it is visible to employees. If a Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

    A. The identity of each applicant or employee who at any time during the reporting period requested a religious accommodation, including by way of identification each person's full name, last known address and telephone number, job title or position sought;

    B. Information regarding the requested accommodation, including the date of accommodation request, the accommodation that was requested, whether the request was granted, what, if any, accommodation was provided to the individual; and if no accommodation was provided, a detailed explanation as to why the request was denied, including the identity of all persons involved in the decision to deny the request; and

    C. for each individual identified in 10.A. above, explain whether the individual's employment status has changed in any respect since his or her request for a religious accommodation (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time status); and a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of any individual identified in response to 10.A. within seventy-two (72) hours of a request by the Commission. The EEOC agrees to keep the social security numbers of the identified individuals confidential.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may interview employees and examine and copy documents on reasonable notice.

12. If at any time during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Consent Decree shall be for two years (2) from its entry by the Court.

14. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Gerald L. Maatman, Jr. of Seyfarth Shaw LLP (gmaatman@seyfarth.com). If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

15. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to – Antonette Sewell, Regional Attorney, Equal Employment Opportunity Commission, 100 Alabama Street SW, Suite 4R30, Atlanta, GA 30303.

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

_2.8.18_
Date

_/s/ Timothy C. Batten_
Judge, U.S. District Court
Northern District of Georgia

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **DECOSTAR INDUSTRIES, INC., Defendant** |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
**Plaintiff**

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
(GA Bar #122575)
Regional Attorney

LAKISHA DUCKETTZIMBABWE
(GA Bar #231641)
Supervisory Trial Attorney

**/s/ Sairalina Montesino**
SAIRALINA MONTESINO
(GA Bar #940665)
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Atlanta District Office
100 Alabama St., SW Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562.6842
Facsimile:   (404) 562.6905
Email: sairalina.montesino@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

**DECOSTAR INDUSTRIES, INC.,**
**Defendant**

**/s/ Gerald L. Maatman, Jr**
GERALD L. MAATMAN, JR
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, NY 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526
gmaatman@seyfarth.com

**ATTORNEY FOR DEFENDANT**